Chowdhury v. Lynch

BIA
Nelson, IJ
A076 186 718

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand sixteen.

PRESENT:
>    DENNIS JACOBS,
>    ROSEMARY S. POOLER,
>    SUSAN L. CARNEY,
>        *Circuit Judges*.

_____

DULAL CHOWDHURY, AKA DULAL NIL CHOWDHURY,
>    *Petitioner,*

>    v.                                    13-4348
>                                          NAC

LORETTA E. LYNCH[1], UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

---

[1]Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:** Stewart F. Delery, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dulal Chowdhury, a native and citizen of Bangladesh, seeks review of a November 4, 2013, decision of the BIA affirming the February 16, 2012, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dulal Chowdhury*, No. A076 186 718 (B.I.A. Nov. 4, 2013), *aff'g* No. A076 186 718 (Immig. Ct. N.Y. City Feb. 16, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review

2

are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Chowdhury's asylum application is governed by the REAL ID Act. Thus, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).

The agency's adverse credibility finding is supported by substantial evidence.  As the IJ found, Chowdhury's testimony was both internally inconsistent and inconsistent with his asylum application.  *See Xiu Xia Lin*, 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "any inconsistency or omission").  For example, Chowdhury's testimony regarding his alleged January 2008 beating by members of a rival political party, which landed him in the hospital, conflicted with his description of the incident in his asylum application, which placed the

attack on a different date in January 2007. The IJ considered and rejected Chowdhury's explanation that the asylum application must have contained a printing error. Even if this explanation were plausible, the agency need not credit it. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Chowdhury also omitted from his asylum application any mention of a 2004 beating by members of the same political party, which he testified resulted in another extended hospitalization. Chowdhury had no explanation for this omission.

The IJ also appropriately based her decision in part on Chowdhury's demeanor during the hearing. We grant "particular deference" to the agency's demeanor findings. *Shu Wen Sun v. BIA*, 510 F.3d 377, 380-81 (2d Cir. 2007), *see also Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006). The IJ also found that Chowhury did not adequately corroborate his claim, since there was very little objective evidence, and the documents he submitted were of doubtful reliability. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Accordingly, a totality of the circumstances supports the adverse credibility determination. 8 U.S.C.

4

§ 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Chowdhury's life or freedom depended upon his credibility, the adverse credibility finding necessarily precludes success on his claims for asylum, withholding of removal, and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5